UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXIS GARCIA HERNANDEZ,

Petitioner,

Case No. 2:26-cv-2801-KCD-KRH

v.

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.

___________________________________/

# ORDER

Petitioner Alexis Garcia Hernandez is currently detained by U.S. Immigration and Customs Enforcement. He received a bond hearing on September 23, 2026. (Doc. 6-1 at 1-4.) He now claims that his detention violates the Fifth Amendment. (Doc. 1.)[1] The Government opposes the petition. (Doc. 6.)

The Court does not have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). Hernandez has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See id.* § 1003.19(e). But this Court does not sit in appellate review of the

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

bond hearing, which is what Hernandez asks. *See Guerrero v. Decker*, No. 19-CV-8092 (RA), 2019 WL 5683372, at *6 (S.D.N.Y. Nov. 1, 2019); *Mugiraneza v. Whitaker*, No. 6:19-CV-06140-MAT, 2019 WL 2395316, at *5 (W.D.N.Y. June 6, 2019) ("District courts sitting in habeas review therefore have no jurisdiction to review an IJ's discretionary decision denying bond."). Nor has Hernandez shown any constitutional deficiency with the bond hearing. He claims he was not allowed to speak at the hearing, but he was represented by counsel—who presented argument and evidence according to the written decision. (Doc. 6-1 at 1-4.)

Because Hernandez has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on November 6, 2026.

Kyle C. Dudek
United States District Judge